OPINION
Aaron Priest entered a plea of guilty to one count of Attempted Unlawful Sexual Conduct With a Minor, a felony of the fourth degree, in violation of R.C. 2923.02(A) and 2907.04(A).
Priest was afforded a full Crim.R. 11 hearing on May 5, 2001, during which the court elicited from Priest his understanding that there was a plea agreement by which if Priest pleaded guilty as charged the State would stand silent as to sentencing. The court further ascertained that Priest knew the maximum prison term authorized was eighteen months and the maximum possible fine was $5,000.00. In spite of such possible imprisonment and a heavy fine, Priest stated that he still wished to plead guilty. (May 5, 2001, Hearing, Tr. 4-5, Docket 31). The trial judge then proceeded to conduct a thorough and comprehensive Crim.R. 11 hearing during which the prosecuting attorney recited the facts underlying the charge, as follows:
 And, briefly, between the dates of December 12th and December 14th, 2000, the Defendant, Mr. Aaron Priest, engaged in discussions over the Internet with an individual who he thought was a girl by the name of Ashley who represented herself to be 14 years of age. Subsequently the Defendant drove to Xenia, Greene County, Ohio, for the purpose of meeting Ashley and engage in sexual conduct with Ashley.
 Once the Defendant arrived it was actually a Detective from the Xenia Police Department who met the Defendant, and the Defendant is charged with one count of Attempted Unlawful Sexual Conduct With a Minor, a felony of the fourth degree. This incident did occur in Xenia, which is in Greene County, Ohio.
Mr. Priest's counsel then advised the court that the detective whom Mr. Priest met was actually a very tall male officer of the Xenia Police Department. The court then accepted Priest's plea of guilty as voluntary and informed. A sentencing disposition was planned for June 14, 2001, but before that occurred Priest, still represented by able counsel, filed on May 21, 2001, a motion to withdraw his guilty plea. The court, after a hearing, overruled the motion. Ultimately, Priest was sentenced to five years of community control. The appellant, still represented by counsel, brings to us the following two assignments of error.
 THE TRIAL COURT ERRED IN FAILING TO ALLOW THE APPELLANT TO WITHDRAW HIS PLEA OF GUILTY TO ATTEMPTED SEXUAL CONDUCT WITH A MINOR WHEN THAT REQUEST WAS MADE BEFORE THE APPELLANT WAS SENTENCED THEREBY DENYING APPELLANT'S RIGHTS GUARANTEED BY THE SIXTH
AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 THE TRIAL COURT ERRED WHEN IT FAILED TO ALLOW APPELLANT TO WITHDRAW HIS GUILTY PLEA. SAID PLEA WAS NOT ENTERED KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY AND THE PLEA TAKING PROCESS DENIED APPELLANT DUE PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION.
We shall deal with these assignments together.
The standard for reviewing the action of a trial court in overruling a pre-sentence motion to withdraw a plea was first enunciated in Ohio by the Court of Appeals for Cuyahoga County in State v. Peterseim (1980),68 Ohio App.2d 211, 22 O.O.3d 341, as follows in syllabus No. 3:
 A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request.
This court has followed and applied that rule. State v. Barnett
(1991), 73 Ohio App.3d 244. State v. Herman (February 2, 1990), Montgomery App. No. 11786, unreported. In both cases this court recognized that a decision not allowing a defendant to withdraw a plea would not be reversed unless the court's attitude was clearly shown to be unreasonable, arbitrary or unconscionable.
In the case before us we have already recognized that the accused was represented by highly able counsel, and the record shows that he was given a thorough Crim.R. 11 hearing.
The abuse of discretion standard set forth above was adopted by the Supreme Court of Ohio in State v. Xie (1992), 62 Ohio St.3d 521. The Supreme Court there held that a defendant does not have an absolute right to withdraw a guilty plea prior to a sentencing, and a trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea and, furthermore that a decision to grant or deny a pre-sentence motion to withdraw a guilty plea is within the sound discretion of the trial court. Id., syllabus one and two. The court there also recognized that a pre-sentence motion to withdraw a guilty plea should be freely and liberally granted but it must be recognized that a defendant does not have an absolute right to withdraw a plea prior to sentencing. It further held that "absent an abuse of discretion on the part of the trial court in making a ruling, its decision must be affirmed." For us to find an abuse of discretion in this case, we must find more than error of judgment. We must find that the trial court's ruling was "unreasonable, arbitrary or unconscionable," citing State v. Adams (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 173. Id., 527.
Returning to the Peterseim standard, the third prong requires an accused be given a complete impartial hearing on the motion. At the hearing, Priest testified that he had been pressured by his sister and a brother to enter a guilty plea as part of a bargain because his case had received a lot of unfavorable publicity, and that "I needed to move on and that I needed to get this over with as quickly as possible." (Hearing, June 14, 2001, Tr. 5). Priest admitted that he had extensively discussed his guilty plea with his lawyer (Tr. 12). He acknowledged that he signed the plea agreement and admitted his guilt to the facts as previously recited by the prosecutor. (Tr. 13-14). He stated that he wanted to withdraw his guilty plea because of all the bad publicity and the fact that he had lost his job. (Tr. 16). On re-cross examination the following dialogue occurred between Mr. Hunter and Mr. Priest:
 RECROSS EXAMINATION
BY MR. HUNTER:
 Q. Well, when you decided to enter a plea that day, that was your own decision, is that correct?
A. Yes.
Q. Totally?
A. Yes.
Q. Voluntarily made on your own?
A. Yes.
Q. You agree with that?
A. Yes.
Towards the end of the hearing, the State summarized its position as follows:
THE COURT: Does the State wish to be heard?
 MR. HUNTER: Just briefly, Your Honor. The issue with respect to the withdrawal of a guilty plea goes to the heart of whether or not the plea was knowingly and voluntarily entered into, and there are two cases, State v. Xie, X-I-E, and State v. Peterson
[sic] that have been interpreted from Rule 32, and even though it does say in those cases, and specifically State v. Xie, withdrawal of a guilty plea prior to the sentencing should be liberally allowed; however, the Court in State v. Xie, the Supreme Court indicated what it doesn't mean is any application for the withdrawal of a guilty plea should be granted.
 In fact, the Court goes on to say there should be some valid reason for the withdrawal of the guilty plea, and the valid reason goes to whether or not there was something that indicates the plea was other than voluntarily or knowingly entered into.
 And in this situation the Defendant fortunately took the witness stand, which is a rare situation. He took the witness stand. He indicated on direct and again on cross that he discussed this plea with his Counsel at length, not just the day of the plea, but days apparently prior to the plea. In fact, the word that was used was debated. He debated with Counsel, discussed at length before he made the decision to enter into the plea, and the Defendant affirmed on cross examination that notwithstanding whatever advice he is receiving from other people, that the decision to enter into the plea was voluntary and was the plea he made himself and that was his decision.
 Further, the Defendant indicated that he understood specifically Paragraph 18 of the State's Exhibit No. 1, which I'm going to move to have entered for purposes of this hearing as an Exhibit, but the Defendant indicated that he understood Paragraph 18 wherein he was telling the Court, under oath, under threat of perjury, he's entering this plea because he knows he's not innocent, because he's guilty, and, in fact, the Defendant indicated on the record that he heard the colloquy from the Court and from the State where the State recited the facts and the Honorable Court asked the Defendant, are you entering this plea of guilty because this is what you did and the Defendant indicated in the affirmative, yes, he did all of that.
 This was done under oath. It's all on the record. The Defendant — there is absolutely no indication that this plea was anything other than knowingly or voluntarily given, and even though the Defendant here is unhappy with some of the, I guess, unexpected consequences that occurred subsequent to the said plea, it's at the time of entering the plea whether or not the Defendant's mind was such where it's a voluntary and knowingly given plea, and in this case the Defendant was clearly adequately counseled with excellent Counsel from Mr. O'Brien, and the Defendant indicated that at length he had counseled.
 So the State respectfully requests that the Defendant's motion to withdraw the guilty plea be overruled; not being insensitive to some of the unintended consequences of that plea, but that's available every time you take a plea. There could be unintended consequences. That doesn't mean the Defendant has a right to withdraw a knowing and voluntary plea because of that. So the State respectfully requests the Defendant's motion be overruled, Your Honor.
Id., 27-30.
At the end of the hearing, the court made the following statement in enunciating his decision:
 THE COURT: The Court would find that the Defendant voluntarily, after being properly informed and advised, entered a plea of guilty in the case and the Court would find that apparently after pleading guilty he was disappointed in the fact that the publicity didn't go away and this is the basis of his wanting to withdraw the plea, and the Court finds that that is not a proper basis and the motion to withdraw the plea will be overruled.
On appeal, Priest argues in support of his first assignment of error that the trial judge acted unreasonably and arbitrarily in not finding that Priest was mis-charged as attempting unlawful sexual conduct with a minor, because there was no minor in this situation and when Priest drove to downtown Xenia from his home in Tipp City, Ohio, he did not commit a substantial act in furtherance of the crime. In State v. Woods (1976),48 Ohio St.2d 127, 2 O.O.3d 289, the Supreme Court of Ohio held that:
 A "criminal attempt" is when one purposely does or omits to do anything which is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime. To constitute a substantial step, the conduct must be strongly corroborative of the actor's criminal purpose. (R.C. 2923.02[A] construed.)
Syllabus No. 1.
The revised code also provides that it is no defense to a charge under R.C. 2923.02(A) that, in retrospect, commission of the offense that was the object of the attempt was either factually or legally impossible under the attendant circumstances, if that offense could have been committed had the attendant circumstances been as the actor believed them to be. R.C. 2923.02(B).
Thus, it is no defense for Priest that there was no minor child involved, since he did believe that there was a minor child, named Ashley, that she was fourteen years old, and that she would meet him at a specified location in Xenia. He then drove to that specified location on the date and time planned and that attempt to meet the imaginary Ashley was clearly a substantial step in the course of conduct planned to culminate in his commission of the crime. It is obvious that his trip to Xenia was strongly corrobative of his criminal purpose. Id. In Woods,
the substantial step committed by the defendant was to, along with a co-defendant, case the store planned to be burglarized and the casing included one of the parties to climb on the roof of that store to ascertain when the manager would be coming out. That action of going to the scene of a planned crime is very similar to Priest's action here.
Under both assignments of error, Priest argues that he should have been charged not with attempted unlawful sexual conduct with a minor, but rather with importuning under Ohio Revised Code 2907.07 which provides that:
 (E) No person shall solicit another by means of a telecommunications device, as defined in section 2913.01 of the Revised Code, to engage in sexual activity with the offender when the offender is eighteen years of age or older and either of the following applies:
* * * *
 (2) The other person is a law enforcement officer posing as a person who is over twelve but less than sixteen years of age, and the offender believes that the other person is over twelve but less than sixteen years of age or is reckless in that regard.
This is a lesser offense than the one Priest was charged with. However, importuning refers only to the solicitation by a telecommunication device and does not cover an actual attempt which was made by Priest here. Priest's trip to Xenia for the purpose of meeting his intended minor on the date and time actually planned lifts his conduct out of the importuning section and into the attempted unlawful sexual conduct with a minor. Both of appellant's assignments of error cover essentially the same ground. As the Ohio Supreme Court said inState v. Xie, supra:
 "we decline to second-guess the trial court's finding on this question [defendant's reasons for wanting to withdraw his guilty plea]. The trial court was in a better position to evaluate the motivations behind the guilty plea than is an appellate court which is only reviewing a record of a hearing. . . . We defer to the judgment of the trial court, because "the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court."
[citation omitted].
As in the Court in Xie, we find no evidence of an abuse of discretion by the trial court.
For the reasons stated above, both assignments of error are overruled, and the judgment is Affirmed.
BROGAN, J., and FAIN, J., concur.